UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JENNIFER L.W.,

                    Plaintiff,

    v.                                                        3:24-cv-00960 (AMN/DJS)

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

---

**APPEARANCES:**                                                   **OF COUNSEL:**

**OLINSKY LAW GROUP**                               **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**       **KRISTINA D. COHN, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

        On August 5, 2024, Plaintiff Jennifer L.W.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits and Supplemental Security Income ("Complaint"). *See* Dkt. No. 1.

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

1

This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on April 25, 2025, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 13, and affirm the Commissioner's decision.  *See* Dkt. No. 15 ("Report-Recommendation").  Magistrate Judge Stewart advised that under 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 14-15.[2]  Plaintiff filed timely objections on May 9, 2025.  *See* Dkt. No. 16.  The Commissioner did not file a response.  *See generally* Docket Sheet.

For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

## II.  STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).[3]  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error.  *See id.* at 228-29 & n.6 (collecting cases).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138, 2023 WL 2552452,

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[3] "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'"  *Petersen*, 2 F. Supp. 3d at 228 (quoting N.D.N.Y. Local Rule 72.1(c)).

at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.  DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither Party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this Memorandum-Decision and Order. *See* Dkt. No. 15 at 1-6.

Plaintiff makes two objections in her submission. First, Plaintiff objects to the recommendation that the Court affirm the Administrative Law Judge's ("ALJ") conclusions regarding the opinions of Plaintiff's treating physician, Dr. Kimona Issa, contending that the ALJ failed to engage in a sufficient consistency analysis under 20 C.F.R. § 404.1520c concerning Dr. Issa's opinions. Dkt. No. 16 at 3. More specifically, according to Plaintiff, the Report-Recommendation "fail[ed] to recognize that the discussion of Dr. Issa's treatment notes is *not* an explanation of 'evidence from other medical sources' which the regulations require." *Id.* (emphasis in original); *see also Mark K. v. Comm'r of Soc. Sec.*, No. 20-CV-833S, 2021 WL 4220621, at *4 (W.D.N.Y. Sept. 16, 2021) ("Both supportability and consistency in part require comparison of the medical opinions with other medical sources."). Plaintiff originally made this argument regarding the ALJ's consistency analysis in her motion for judgment on the pleadings. *See* Dkt. No. 11 at 16 (arguing that the ALJ did not meaningfully engage in a consistency analysis

3

and that "[i]t is impossible to know what other evidence the ALJ found inconsistent" with Dr. Issa's opinions). Therefore, the Court reviews this objection for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6. As noted in the Report-Recommendation, and contrary to Plaintiff's contentions, the ALJ based her conclusion that Dr. Issa's opinions were inconsistent, and therefore unpersuasive, on other record evidence that established, *inter alia*, that (1) Plaintiff's "gait is regularly described as normal, and she has only minimal pain in her legs," Dkt. No. 15 at 9 (citing Tr. at 147-48); (2) Plaintiff experiences "periods without pain or weakness," *Id.* (citing Tr. at 145); and (3) Plaintiff's previous medical records noted "'full strength in the upper and lower extremities,' as well as no back pain at times." *Id.* (quoting Tr. at 144-45). According to the ALJ, this additional medical evidence did not support, and was not consistent with, Dr. Issa's findings regarding Plaintiff's limitations with respect to sitting, standing, and walking. *See* Dkt. No. 8-2 at 148-49.[4] Because the ALJ properly undertook a comparison of Dr. Issa's opinions with other

---

[4] Plaintiff makes a secondary argument that it was error for the Report-Recommendation to find that "the same evidentiary findings . . . which provide a basis for saying that Dr. Issa's opinion was not supported by the medical records were relied upon by ALJ in reaching her conclusion that Dr. Issa's opinion was not consistent with the record as a whole," and argues that "the U.S. Magistrate Judge was not at liberty to sweep this central allegation of error [that the ALJ did not engage in a consistency analysis] under the rug, essentially recommending that addressing one of the factors will suffice to meet the ALJ's obligation to address them both." Dkt. No. 16 at 2. In making this argument, however, Plaintiff misinterprets the ALJ's decision. As the Report-Recommendation points out, contrary to Plaintiff's contentions, the ALJ did not "address only one of the [20 C.F.R. § 404.1520c] factors." *Id.* at 3. The evidence cited with respect to the ALJ's supportability analysis simply overlapped with the evidence cited with respect to the consistency analysis. *See, e.g.*, Dkt. No. 8-2 at 149 (discussing Dr. Issa's opinions and other record evidence and noting that "the opinions are not consistent with, nor supported by, the record"). This is a permissible means by which to analyze those factors under 20 C.F.R. § 404.1520c. *See Michael C. v. Comm'r of Soc. Sec.*, No: 21-CV-746, 2022 WL 21852888, at *10 (N.D.N.Y. Aug. 24, 2022) ("In practice, there is generally an overlap between the supportability and consistency factors, as they both require comparison of the medical opinions with other medical sources.") (citation omitted). The Court finds that the ALJ sufficiently engaged in a consistency analysis, and that the Report-Recommendation does not endorse the view that it would have been permissible for the ALJ to address only supportability.

medical evidence, the Court is satisfied with the Report-Recommendation's finding that the ALJ "adequately explained her consideration of Dr. Issa's medical opinion." Dkt. No. 15 at 11. Overall, Plaintiff's arguments amount to no more than an impermissible attempt to have this Court reweigh the evidence presented to the ALJ. *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

Second, Plaintiff objects to the recommendation that the Court affirm the ALJ's decision not to consult a vocational expert, arguing there are allegedly "multiple postural limitations that significantly impact Plaintiff's residual functional capacity." *Id.* at 6. While Plaintiff originally made this argument in her motion for judgment on the pleadings, *see* Dkt. No. 11 at 17-20, Plaintiff's objection takes particular issue with the precedent cited in the Report-Recommendation supporting its recommendation. Therefore, the Court reviews this objection *de novo*. *See Petersen*, 2 F. Supp. 3d at 228.

In particular, the Report-Recommendation relies on *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986), to support its recommendation that the ALJ satisfied Step Five of the sequential disability evaluation through reliance on the Medical-Vocational Guidelines (the "Grids") instead of the testimony of a vocational expert. *See* Dkt. No. 15 at 11-13. Plaintiff argues that this reliance is misplaced, since *Bapp* additionally "held that 'if a claimant's nonexertional impairments "significantly limit the range of work permitted by his exertional limitations" then the [G]rids *obviously will not* accurately determine disability status because they fail to take into account claimant's nonexertional impairments.'" *Id.* at 6 (quoting *Bapp*, 802 F.2d at 605 (emphasis added)). The Court acknowledges the holding in *Bapp* that the testimony of a vocational expert must be introduced where "nonexertional impairments significantly diminish" a Plaintiff's ability

5

to work such "that he is unable to perform the full range of employment indicated by the medical vocational guidelines." 802 F.2d at 603. However, as the ALJ's decision acknowledges and the underlying record evidence supports, Plaintiff's postural limitations were not "significant" since Plaintiff maintains the ability to sit for eight hours in a workday, can stand and/or walk for four hours in a workday, and "can occasionally stoop, kneel, crouch and crawl." *See* Tr. at pp. 143-145 (examination of Plaintiff "found a normal gait, a normal stance, full range of motion of the neck, full range of motion of the right elbow, full strength in the upper and lower extremities," etc.); *see also Banks v. Colvin*, No. 6:12-cv-596, 2013 WL 4455696, at *6 (N.D.N.Y. Aug. 16, 2013) ("The ALJ found that Banks can perform the full range of unskilled sedentary work, except that she can only perform postural activities occasionally. As the ALJ explained, only an ability to stoop occasionally is required in most unskilled sedentary positions, and other postural limitations or restrictions would not usually erode the occupational base. Thus, Banks' argument that the testimony of a vocational expert was required, is without merit." (citing, *inter alia*, Social Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *8 (S.S.A. July 2, 1996)). Accordingly, the Court declines to remand the case based on the Report-Recommendation's reliance on *Bapp*.

Moreover, the Report-Recommendation cites *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 571 (S.D.N.Y. 2009), for the proposition that "[a]ccording to the SSA's rulings . . . an inability to bend, stoop, crouch, or kneel more than occasionally . . . would not substantially affect an individual's ability to perform light or sedentary work." Dkt. No. 15 at 12. Plaintiff argues that reliance on this case is misplaced because it did not consider SSR 96-9p, which "instructs that . . . in cases involving additional postural limitations—which limit the individual to even less than occasional stooping—ALJs should note that '[c]onsultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping.'" Dkt.

No. 16 at 7. However, in cases in which a plaintiff can occasionally perform postural movements, SSR 96-9p does not support the proposition that a vocational expert is required to determine a plaintiff's residual functional capacity. *Banks*, 2013 WL 4455696 at *6; *c.f. Huhta v. Barnhart*, 328 F. Supp. 2d 377, 386 (W.D.N.Y. 2004) ("a *complete* inability to stoop would significantly erode the unskilled sedentary occupational base and a finding of disabled would usually apply") (quoting SSR 96-9, 1996 WL 374185, at *8). Accordingly, the Court declines to remand the case based on the Report-Recommendation's reliance on *McDonaugh*. Overall, the Court finds that the record evidence supports that a vocational expert was not needed, since Plaintiff's nonexertional impairments do not significantly limit the range of work permitted by her exertional limitations.

Based on the foregoing, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 15, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 11, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 13, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 17, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge